UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shaif Ali and Sahadat Ali, <br><br> Plaintiff, <br><br> – against– <br><br> Discover Bank, LendingClub Corporation, Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, <br><br> Defendants | Civil Action No. 1:24-cv-00683 <br><br><br> **COMPLAINT** |

## COMPLAINT

Plaintiffs, Shaif Ali and Sahadat Ali (hereinafter "Plaintiffs"), by and through Plaintiffs' attorneys, Garibian Law Offices, P.C., by way of Complaint against defendants, Discover Bank ("Discover"), LendingClub Corporation ("LendingClub"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA").

## PARTIES

2. Plaintiffs are adult citizens of the State of New York.

3. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Discover is a corporation who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or

1

experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

5. LendingClub is a corporation who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

6. Defendant Equifax is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

7. Defendant Experian is a corporation that engages in the business of maintaining and reporting consumer credit information.

8. Defendant Trans Union is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681, 15 U.S.C. § 1681p (which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy).

10. Venue in this district is proper on the following bases:

    a. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of this judicial district pursuant to 28 U.S.C. § 1391(c)(2).

    b. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

11. This case arises out of Defendants' reporting of inaccurate information on Plaintiffs' consumer credit reports.

12. The consumer credit reports at issue are written communications of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

13. The credit reporting at issue arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

### Reporting of Discover Account

14. Specifically, on or before January 18, 2022, Equifax, Experian and Trans Union were reporting a Discover account (number 50000629****) ("Discover Account") on the consumer credit report of Shaif Ali, with a status of "derogatory," with a status of "collection/chargeoff."

15. However, the Discover Account tradeline was inaccurate. In fact, Discover sent Shaif Ali a correspondence that stated *expressly* that the Discover Account would be reported as "settled in full for less than the full balance."

16. Accordingly, the tradeline for the Discover Account should have been updated to reflect that the account was settled for less than the full balance, rather than as having been "charged off", as being in "collection," or with any derogatory notation or status.

### Reporting of LendingClub Account

17. Specifically, on or before January 18, 2022, Equifax, Experian and Trans Union were reporting a LendingClub account (number 15508****) ("LendingClub Account") on Plaintiffs' consumer credit report, with a status of "derogatory," with a status of "collection/chargeoff", and as having been "charged off."

18. However, the LendingClub Account tradeline was inaccurate. The subject Lending Club account was settled on November 19, 2020 and satisfied.

19. Accordingly, the tradeline for the LendingClub account should have been updated to reflect that the account was settled for less than the full balance, rather than as having been "charged off", as being in "collection," or with any derogatory notation or status.

### Plaintiffs' Dispute

20. On January 18, 2022, Plaintiff, via Plaintiff's counsel, notified Equifax, Experian and Trans Union of a dispute with the reporting of the above referenced accounts.

21. Specifically, Plaintiffs advised Equifax, Experian and Trans Union that the above referenced accounts were being reported improperly, as described herein, and provided documentation to support their dispute.

22. With respect to the Discover Account, Plaintiffs provided Equifax, Experian and Trans Union with supporting documentation from Discover confirming that the subject Discover account was settled in full on January 20, 2021 and satisfied. In fact, the correspondence from Discover attached hereto stated *expressly* that this account would be reported as "settled in full for less than the full balance."

23. With respect to the LendingClub Account, Plaintiffs provided Equifax, Experian and Trans Union with supporting documentation from Alliant Capital Management, LLC

confirming that the subject LendingClub Account was settled on November 19, 2020 and satisfied.

24. Accordingly, Plaintiffs disputed the accuracy of the information in accordance with 15 U.S.C. § 1681i of the FCRA.

25. In January 2024, on Shaif Ali's credit reports, the Discover Account continued to be reported inaccurately as follows:

   a. Equifax: "Charge-off"

   b. Experian: "Paid in settlement. $22,047 written off."

   c. Trans Union: "In Collections/Charge-off"; "Account status – Derogatory"

26. In January 2024, on Shaif Ali's credit reports, the LendingClub Account continued to be reported inaccurately as follows:

   a. Equifax: "Charge-off"

   b. Experian: "Closed. $32,247 written off."

   c. Trans Union: "In Collections/Charge-off"; "Account status – Derogatory"

27. In January 2024, on Sahadat Ali's credit reports, the LendingClub Account continued to be reported inaccurately as follows:

   a. Equifax: "Collection/Charge-off"; "Account status – Derogatory"

   b. Equifax: "Collection/Charge-off"; "Account status – Derogatory"

   c. Equifax: "Collection/Charge-off"; "Account status – Derogatory"

28. Accordingly, Equifax, Experian and Trans Union failed to correct the inaccuracies within the time frame mandated by the FCRA.

29. Upon information and belief, Equifax, Experian and Trans Union either failed to notify Discover and LendingClub of Plaintiff's dispute in accordance with the FCRA or alternatively, did notify Discover and LendingClub and Discover and LendingClub

failed to properly investigate and update the information on Plaintiffs' credit reports, as detailed herein.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## (ALL DEFENDANTS)

30. Plaintiffs reassert and incorporate herein by reference all facts and allegations set forth above as though the same were set forth at length herein.

31. This suit is brought against all Defendants, whose negligent and willful violations of the FCRA have damaged Plaintiffs.

32. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

33. At all times pertinent hereto, the conduct of all Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of federal law and the rights of Plaintiffs.

### FCRA VIOLATIONS BY EQUIFAX, EXPERIAN AND TRANS UNION

34. Equifax, Experian and Trans Union violated their duties under 15 U.S.C. § 1681a to conduct a good faith investigation into Plaintiffs' disputes, as detailed herein.

35. Plaintiffs' disputes provided Equifax, Experian and Trans Union with sufficient information to show that the Discover Account and LendingClub Account were being reported inaccurately, as detailed above.

36. Equifax, Experian and Trans Union failed to conduct a good faith and/or reasonable investigation into Plaintiffs' disputes.

37. Further, Equifax, Experian and Trans Union failed to properly maintain and failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit information and Plaintiffs' credit reports, concerning the accounts in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with E Equifax, Experian and Trans Union, as detailed herein.

### FCRA VIOLATIONS – DISCOVER AND LENDINGCLUB

38. If Discover and LendingClub had performed a reasonable investigation of Plaintiffs' disputes, pursuant to their obligations under 15 U.S.C. §1681s-2(b), Plaintiffs' credit reports would have been updated to correct the inaccuracies, as detailed in Plaintiffs' disputes.

39. Discover and LendingClub have nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to meet the requirements set forth under the FCRA, which has resulted in the intended consequences of this inaccurate information remaining on Plaintiffs' credit reports.

40. Discover and LendingClub failed to conduct a complete, accurate or reasonable investigation and upon information and belief, verified the inaccurate information that was disputed by Plaintiffs.

41. Discover and LendingClub should have discovered that the information they were reporting on Plaintiffs' consumer credit reports was not accurate.

42. Had Discover and LendingClub properly investigated Plaintiffs' dispute, they would have corrected the reporting.

## **CLAIM FOR RELIEF**

43. Defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiffs' dispute.

44. Defendants failed to maintain or follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit reports, concerning the accounts in question, in violation of 15 U.S.C. § 1681e(b).

45. As a result of Defendants' violations of the FCRA, Plaintiffs have suffered and continues to suffer actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages.

46. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorneys' fees against Defendants pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

        Respectfully Submitted,

        **GARIBIAN LAW OFFICES, P.C.**

        */s/ Antranig Garibian*
        Antranig Garibian, Esquire
        18 East 41st Street, 6th Floor
        New York, NY 10017
        (215) 326-9179
        ag@garibianlaw.com
        *Attorneys for Plaintiffs*